# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                      Plaintiff,

v.

THE ESTATE OF ROBERT E.
PROEBER and LARRY PROEBER,

                      Defendants.

Case No. 18-CV-687-JPS

**ORDER**

Plaintiff brings this foreclosure action against Defendants based on a mortgage entered into by the late Robert Proeber. (Docket #1). When Robert died, the mortgage went into default. *Id.* On July 25, 2018, Plaintiff requested entry of default against Defendants. (Docket #5). The Clerk of Court entered default that same day. On August 29, 2018, Plaintiff moved for default judgment against Defendants. (Docket #8). No response to that motion has been received, and the time in which to do so has expired. Civ. L. R. 7(b).

Because the Clerk of Court has entered default against Defendants, the Court must accept all well-pleaded facts relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). However, that does not relieve Plaintiff of the responsibility to prove up its damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus*

*Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Plaintiff has met this standard. The affidavits and documents attached to Plaintiff's motion reveal that Defendants owe $122,855.58 in principal, $46,161.39 in interest (as of July 25, 2018), a service fee of $4,620.00, mortgage insurance premiums of $12,089.92, lis pendens fees of $30.00, and a special administrator fee of $300.00. *See* (Docket #9 and #9-1); *see also* (Docket #1 and attachments). With the passage of time, the interest has now increased by $1,425.45 ($21.93 per diem, multiplied by the 65 days which have passed since July 25, 2018).

The Court will, therefore, grant Plaintiff's motion for default judgment on the terms requested, including making findings of fact and conclusions of law. (Docket #8-1). These are as follows:

FINDINGS OF FACT

1. The defendants are wholly in default.

2. That the allegations set forth in plaintiff's complaint are proven true.

3. That the mortgaged premises are described as follows:

   Lot 14, Block 4, Wind-dale Subdivision No. 2, according to the recorded plat thereof. Said land being in the Town of Caledonia, County of Racine, State of Wisconsin.

   Property Address:   1812 Wind Dale Drive
                       Racine, WI 53402

4.      That notice of the pendency of this action was duly given on June 15, 2018 by filing a lis pendens in the office of the Register of Deeds for Racine County, Wisconsin.  This was done in the manner and form required by law, after the filing of the complaint herein, and more than twenty (20) days prior to the trial or other resolution of this action.

5.      That no Answer was filed by any defendant that raises any substantive issues of fact.

6.      There are now due to the United States the following sums:

a)  Unpaid Principal and Interest:

Principal Balance                    $122,855.58

Interest:                            $47,586.84

Through July 25, 2018, $46,161.39 was owed in interest. Interest continued to accrue on the note at a rate of $21.93 per day. From July 25, 2018 to the date of judgment, an additional $1,425.45 in interest has accrued. The sum of those figures is listed above.

b)  Fees and Costs Already Incurred:

Lis Pendens fees                     $30.00

MIP                                  $12,089.92

Service fee                          $4,620.00

Special Administrator                $300.00

c)      Taxes, Special Assessments, Insurance, and Necessary Repairs:  Under the terms of the mortgage, plaintiff may pay any taxes, special assessments, or insurance premiums accruing against the mortgaged premises that are now due or that shall become hereafter due before a sale of the mortgaged premises; and to protect and preserve the mortgaged premises, plaintiff may make payments for such repairs to the premises as may reasonably be deemed necessary for the proper

preservation thereof. Under the terms of the mortgage, all sums advanced by plaintiff for taxes, special assessments, insurance, or necessary repairs become additional indebtedness secured by the mortgage.

d)     Costs of Foreclosure:   Under the terms of the mortgage, plaintiff is entitled to collect expenses that it may incur in pursuing the remedy of foreclosure.  Such expenses   include but are not limited to title evidence and title insurance as well as fees, charges, and expenses owed to the U.S. Marshal for a judicial sale of the premises.

7.     That the Estate of Robert E. Proeber shall be granted a six (6) month period of redemption from the date when judgment is entered as provided by Wis. Stats. §846.101.

8.     That no other proceedings have been held at law or otherwise for the recovery of the sum secured by the promissory note and mortgage.

## CONCLUSIONS OF LAW

1.     Plaintiff is entitled to judgment of foreclosure of the premises in the usual form as prayed for in plaintiff's complaint in accordance with the above findings of fact.

2.     That all sums advanced by plaintiff for taxes, special assessments, insurance, or necessary repairs shall become additional indebtedness secured by the mortgage, with interest thereon from the date of payment at the legal post-judgment rate, and may be added to the judgment by order at any time after the entry thereof.

3.     That the Plaintiff is entitled to a lien on the premises for the amount of any payments made for reasonable expenses incurred in pursuing the remedy of foreclosure and may obtain an order directing that the amounts so paid, with interest thereon from the date of payment at the legal post-judgment rate, be paid out of the proceeds of a foreclosure sale.

4.    That the defendants and all persons claiming under them subsequent to the filing of the notice of the pendency of this action hereby are forever barred and foreclosed of all right, title, interest, claim and equity of redemption in and to the lands and premises or any part, parcel, or portion thereof, except that the Estate of Robert E. Proeber has six months to redeem the property from the date judgment is entered.

5.    That if necessary to secure possession of said premises, the Clerk of Court, upon application by plaintiff, shall issue a writ of assistance.

6.    That the subject premises shall be sold at public sale and the sale shall be conducted by or under the direction of the United States Marshal for the Eastern District of Wisconsin following the expiration of the Estate's period of redemption.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Docket #8) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that foreclosure of the subject mortgage in the usual form as provided by and in accordance with the above Findings of Fact and Conclusions of Law be entered in this action; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of September, 2018.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge